# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0778, <u>Charles Hoegen v. Director, New Hampshire Division of Motor Vehicles</u>, the court on July 10, 2015, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Charles Hoegen, appeals an order of the Superior Court (<u>Brown</u>, J.) upholding the administrative suspension of his driver's license by the respondent, the Director of the New Hampshire Division of Motor Vehicles. <u>See</u> RSA 265-A:30, :34 (2014). He argues that the trial court erred by: (1) upholding the hearing examiner's decision that Trooper Nate Johnston, who directed his alcohol concentration test, had reasonable grounds to believe that he was driving while under the influence of intoxicating liquor, <u>see</u> RSA 265-A:4 (2014); and (2) denying his claim that the hearing examiner deprived him of due process by failing to record a portion of his testimony.

We first address whether the trial court erred by upholding the hearing examiner's decision that Johnston had reasonable grounds to believe that the petitioner was driving while under the influence of alcohol. In an appeal to superior court from an administrative license suspension decision, the petitioner has the burden to show that the hearing examiner's decision was clearly unreasonable or unlawful. <u>Kerouac v. Dir., N.H. Div. of Motor Vehicles</u>, 158 N.H. 353, 355 (2009); RSA 265-A:34, III. The trial court is required to treat the hearing examiner's findings of fact on questions properly before her as <u>prima</u> <u>facie</u> lawful and reasonable, and may not set the decision aside unless it is satisfied, by a clear preponderance of the evidence before it, that the decision is unjust or unreasonable. <u>Kerouac</u>, 158 N.H. at 355; RSA 265-A:34, III. We will uphold the trial court's decision unless the evidence does not support it or it is legally erroneous. <u>Kerouac</u>, 158 N.H. at 355.

In order to direct the administration of an alcohol concentration test, a law enforcement officer must have "reasonable grounds to believe the person [to be tested] to have been . . . driving . . . a vehicle while under the influence of intoxicating liquor . . . or while having an alcohol concentration of 0.08 or more . . . ." RSA 265-A:4; <u>see</u> <u>Jacobs v. Director, N.H. Div. of Motor Vehicles</u>, 149 N.H. 502, 506 (2003). In this case, the record contains evidence that Trooper Kiernan Fagan observed a pickup truck drive over the snow and ice that was packed alongside the guardrail on the right-hand side of Interstate 93 in

Manchester, become airborne, jump over the guardrail, crash onto the road below the interstate, and come to rest in a snow bank near the road. Fagan got out of his cruiser, ran down the hill to investigate, and reported the crash on his portable radio as he was running. He testified that the truck was in the snow bank, that its windows were all intact, that its doors were closed, that there was snow and ice packed up on the doors on both the driver's and passenger's sides of the truck, and that there were small trees wedged up against the driver's side door. The petitioner was the only person in the truck.

Johnston, who was patrolling the Everett Turnpike in Merrimack, testified that he heard Fagan report the crash over the radio. According to Johnston, Fagan was talking very quickly and was difficult to understand. Johnston rushed to the scene. When he arrived, he spoke briefly with Fagan, who told him that he had seen the truck drive off the highway and crash onto the road below. Johnston could see that the truck was trapped in a snow bank. Although he had no contact with him at the scene, Johnston testified that "the alleged driver was still inside the vehicle." Fagan asked Johnston to go to the Elliot Hospital to investigate further; fire personnel arrived during the brief exchange.

After he arrived at the hospital, an emergency room nurse told Johnston that "the person who had been transported from the crash" was the petitioner. Johnston spoke with him, and he denied that he had been driving. There was an odor of alcohol emanating from the petitioner, his eyes were glassy and bloodshot, and he admitted that he had consumed twelve beers earlier in the night. The petitioner agreed to have his blood tested for alcohol, and the subsequent test revealed an alcohol concentration of 0.17.

In arguing that the evidence was insufficient to establish reasonable grounds for Johnston to believe that the petitioner was driving while intoxicated, the petitioner contends that the hearing examiner could not rely upon Fagan's testimony. Because the petitioner disputed that he was driving, because Johnston did not observe the petitioner driving, and because Fagan did not convey any observations to Johnston that would allow Johnston to form a belief that the petitioner, and not someone else, was the driver, he argues that Johnston could not form a reasonable belief that he had driven while intoxicated. We disagree.

Both Fagan and Johnston personally observed the crash scene, and the hearing examiner was free to credit Fagan's description of it. See Appeal of Regenesis Corp., 156 N.H. 445, 451 (2007) ("As a fact-finder, the hearing officer was at liberty to accept or reject the testimony before him as he saw fit . . . ."). Here, Fagan's description establishes that: (1) the truck was stuck in a snow bank; (2) all of its doors were closed and were obstructed by snow and ice that was packed up against them; (3) small trees further obstructed the driver's side

2

door; (4) the windows in the truck were all intact; and (5) there was only one person inside the truck. Johnston personally observed the same scene, and consistent with Fagan's description of it, confirmed that the truck was "[t]rapped into a snow bank," and that "the alleged driver was still inside" of it. On this testimony, the hearing examiner reasonably could have inferred that Johnston saw a truck with only one occupant, and that no one else could have exited the truck prior to his arrival. Only one person, the petitioner, was subsequently transported from the crash scene to the hospital.

Moreover, Johnston personally heard Fagan hurriedly report the crash over the radio, and learned from Fagan that Fagan had personally observed the crash. The petitioner admitted to Johnston that he had consumed twelve beers, and agreed to undergo an alcohol concentration test revealing a blood alcohol concentration of 0.17. We conclude that there was more than sufficient evidence to support the hearing examiner's determination that Johnston had reasonable grounds to believe that it was the petitioner, and not someone else, who was driving the truck, and that he was under the influence of alcohol or had a blood alcohol concentration level greater than 0.08 at the time. See Jacobs, 149 N.H. at 506.

We next address whether the trial court erred by denying the petitioner's claim that the hearing examiner deprived him of due process by failing to record a portion of his testimony. The trial court noted that the hearing examiner summarized on the record the portion that had not been transcribed, and observed that the petitioner did not object to the description. The trial court concluded that the petitioner had not shown how he was prejudiced by the failure to record a portion of his testimony.

Under RSA 265-A:34, III, "[i]ssues not raised by the appellant before the director or agent shall not be raised before the superior court." We agree with the respondent that the petitioner is barred from arguing that the trial court deprived him of due process by not recording a portion of his testimony. Although the petitioner's counsel initially disagreed with the hearing examiner that the recording had stopped at the point where he "had just started to ask [his] client the direct testimony," at no point did the petitioner object to proceeding without the testimony having been recorded, or argue that his due process rights would be violated in the absence of a complete transcript.

Even if the petitioner had preserved this argument, however, the trial court correctly concluded that he failed to establish prejudice. See Appeal of Omega Entm't, 156 N.H. 282, 287 (2007). The hearing examiner disclosed on the record that the recording device had stopped, and summarized her notes of what the petitioner had testified to during the time that the device was not operating. At no point did the petitioner correct the hearing examiner's summary of his unrecorded testimony, or argue that it was incomplete.

Moreover, as the trial court observed, the hearing examiner found that the petitioner was not credible.  Assessing the petitioner's credibility was within the province of the hearing examiner.  <u>Regenesis Corp.</u>, 156 N.H. at 451.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**